UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SELVIN PAZ MORALES, EDWARD AGUILAR
RIVERA, JOSE OTONUL AGUILAR, RUANDI
PAZ ARDON, ARMANDO TOMAS TIU GARCIA,
and BRAYAN ANTONIO LOPEZ,

                Plaintiffs,

-against-

FINE DESIGN MASONRY, INC.
and ROBERT TAMBURELLO,

                Defendants.
-------------------------------------------------------------------X

Index No.

**COMPLAINT**

Plaintiffs, SELVIN PAZ MORALES ("Paz Morales"), EDWARD AGUILAR RIVERA ("Rivera"), JOSE OTONUL AGUILAR ("Aguilar"), RUANDI PAZ ARDON ("Ardon"), ARMONDO TOMAS TIU GARCIA ("Garcia") and BRAYAN ANTONIO LOPEZ ("Lopez"), collectively referred to as ("Plaintiffs"), by their attorneys, Schwartz Ettenger, PLLC, complaining of the Defendants, alleges as follows:

1. Upon information and belief, at all times hereinafter mentioned, Paz Morales was, and still is, an individual residing in the State of New York, County of Suffolk.

2. Upon information and belief, at all times hereinafter mentioned, Rivera was, and still is, an individual residing in the State of New York, County of Suffolk.

3. Upon information and belief, at all times hereinafter mentioned, Aguilar was, and still is, an individual residing in the State of New York, County of Suffolk.

4. Upon information and belief, at all times hereinafter mentioned, Ardon was, and still is, an individual residing in the State of New York, County of Suffolk.

5. Upon information and belief, at all times hereinafter mentioned, Garcia was, and still is, an individual residing in the State of New York, County of Suffolk.

6. Upon information and belief, at all times hereinafter mentioned, Lopez was, and still is, an individual residing in the State of New York, County of Suffolk.

7. Upon information and belief, at all times hereinafter mentioned, Defendant Fine Design Masonry, Inc. was, and still is, a corporation duly formed under the laws of the State of New York, with offices located at 131 Brook Street, West Sayville, New York 11796.

8. Upon information and belief, at all times hereinafter mentioned, Defendant Robert Tamburello was, and still is, an individual residing in the State of New York, County of Suffolk.

## JURISDICTION

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331 because Plaintiffs' claims raise a federal question under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*

## FACTS

10. Plaintiffs are residents of Suffolk County, New York.

11. Defendant Fine Design Masonry, Inc. (the "Corporate Defendant" or "Fine Design") is a domestic business corporation formed in Suffolk County, New York and organized and existing under the laws of the State of New York.

12. Corporate Defendant is a masonry company. Upon information and belief, Fine Design Masonry, Inc.'s customers primarily include home improvements.

13. Upon information and belief, Robert Tamburello (the "Individual Defendant" or "Tamburello") was the owner, shareholder, director, supervisor, managing agent, and proprietor of the Corporate Defendant while Plaintiffs were employed, and actively participated in the day-to-day operations of the Corporate Defendant and acts intentionally and maliciously and is an employer pursuant to the FLSA 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder.

14. The Individual Defendant is jointly and severally liable with the Corporate Defendant for the wage and hour violations brought in this action.

15. The Individual Defendant exercised control over the terms and conditions of the Corporate Defendant's employees' employment, in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

16. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that at all relevant times it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

17. Defendants continuously employed Plaintiffs to work as non-exempt employees for the Defendants' masonry business referenced above.

18. The work performed by Plaintiffs were integral to the business. Plaintiffs' job responsibilities consist of construction relating to home improvement work.

19. Rivera started working for Fine Design on or about March 15, 2021 and remains employed.

20. While employed by Fine Design, Rivera was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that been moved in or produced for commerce.

21. Throughout his employment, Rivera worked a regular schedule of 6 days per week, 9 hours per day, for 52 weeks a year at the rate of $30 per hour.

22. Defendants did not provide Rivera's weekly hours on each week's pay stubs as required by NYLL.

23. Rivera was not paid overtime compensation for hours he worked over 40 per week.

24. Paz Morales started working for Fine Design on or about March 15, 2021 and remains employed.

25. While employed by Fine Design, Paz Morales was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that been moved in or produced for commerce.

26. Throughout his employment, Paz Morales worked a regular schedule of 6 days per week, 9 hours per day, for 52 weeks a year at the rate of $40 per hour.

27. Defendants did not provide Paz Morales' weekly hours on each week's pay stubs as required by NYLL.

28. Paz Morales was not paid overtime compensation for hours he worked over 40 per week.

29. Aguilar started working for Fine Design on or about March 15, 2022 and remains employed.

-5-

30. While employed by Fine Design, Aguilar was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that been moved in or produced for commerce.

31. Throughout his employment, Aguilar worked a regular schedule of 6 days per week, 9 hours per day, for 52 weeks a year at the rate of $30 per hour.

32. Defendants did not provide Aguilar's weekly hours on each week's pay stubs as required by NYLL.

33. Aguilar was not paid overtime compensation for hours he worked over 40 per week.

34. Ardon started working for Fine Design on or about March 15, 2022 and remains employed.

35. While employed by Fine Design, Ardon was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that been moved in or produced for commerce.

36. Throughout his employment, Ardon worked a regular schedule of 6 days per week, 9 hours per day, for 52 weeks a year at the rate of $30 per hour.

37. Defendants did not provide Ardon's weekly hours on each week's pay stubs as required by NYLL.

38. Ardon was not paid overtime compensation for hours he worked over 40 per week.

39. Garcia started working for Fine Design on or about March 15, 2022 and remains employed.

40. While employed by Fine Design, Garcia was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that been moved in or produced for commerce.

41. Throughout his employment, Garcia worked a regular schedule of 6 days per week, 9 hours per day, for 52 weeks a year at the rate of $30 per hour.

42. Defendants did not provide Garcia's weekly hours on each week's pay stubs as required by NYLL.

43. Garcia was not paid overtime compensation for hours he worked over 40 per week.

44. Lopez started working for Fine Design on or about March 15, 2022 and remains employed.

45. While employed by Fine Design, Lopez was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that been moved in or produced for commerce.

46. Throughout his employment, Lopez worked a regular schedule of 6 days per week, 9 hours per day, for 52 weeks a year at the rate of $30 per hour.

47. Defendants did not provide Lopez's weekly hours on each week's pay stubs as required by NYLL.

48. Lopez was not paid overtime compensation for hours he worked over 40 per week.

49. Plaintiffs routinely worked in excess of forty hours per week, but their paystubs never reflected their true hours, or any hours for that matter.

50. The weekly rate paid by Defendants to Plaintiffs failed to compensate them for overtime hours worked over forty hours per week at the required rate of time and one-half.

51. There were no agreements between Plaintiffs and Defendants, written or otherwise, that the weekly rate paid by Defendants to Plaintiffs was intended to compensate them for overtime hours worked.

52. A comparison of the wages Defendants paid to the Plaintiffs against the wages that were due under New York and federal wage-and-hour laws, specifically, (i) the New York State mandated minimum wage; (ii) the New York State and federal mandated overtime wage; and (iii) the New York State required spread of hours laws, reveals that Plaintiffs have been grossly underpaid.

53. With each payment of wages, Defendants failed to provide Plaintiffs with accurate statements listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages, deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by law.

54. Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiffs' hours and wages in violation of the New York Labor Law § 195, 661.

55. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time and pay records.

56. The relevant statutory period for purposes of this suit is the six years preceding the date of the filing of the complaint.

57. The work performed by Plaintiffs was directly essential to the business operated by Defendants.

58. Plaintiffs performed a myriad of services for Fine Design, including, but not limited to construction and renovation services.

59. Fine Design was aware that these services were being performed and at this location and consented to same.

60. Defendant Tamburello had the authority to terminate Plaintiffs at any time.

61. Defendant Tamburello had the authority to alter the conditions of Plaintiffs' employment at any time.

62. Defendants benefited from the services provided by Plaintiffs.

63. Defendants knowingly allowed Plaintiffs to work without compensation.

64. During their employment, Defendant Tamburello supervised Plaintiffs' work.

65. During their employment, Defendant Tamburello directed Plaintiffs' work.

66. During their employment, Defendant Tamburello was aware of Plaintiffs' complete work schedule and consented to same.

67. Defendants knowingly allowed Plaintiffs to work in excess of forty hours per week without overtime compensation.

68. Plaintiffs were covered, non-exempt employees for Defendants within the meaning of the FLSA and New York Labor Law.

69. Defendants failed to provide Plaintiffs wage notices or wage statements that were in compliance with New York Law.

70. While employed by Defendants, Plaintiffs worked an average of fifty-four (54) hours per work week for which they have not been compensated.

71. Specifically, while employed by Fine Design, Plaintiffs worked Monday through Saturday from 8 am to 5 pm.

72. This action is brought by Plaintiffs for violations of the FLSA 20 U.S.C. § 201 *et seq.* and of the New York Labor Law ("NYLL") arising from various willful and unlawful

employment policies, patterns and/or practices.

73. Upon information and belief, Defendants committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay Plaintiffs minimum wage and overtime compensation for all hours worked over forty (40) each work week.

74. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (a) unpaid overtime wages, (b) liquidated damages, and (c) attorneys' fees and costs.

75. Plaintiffs further allege pursuant to NYLL § 650 *et seq.* and 12 New York Codes, Rules and Regulations § 146 ("NYCRR") that they are entitled to recover from the Defendants: (a) unpaid overtime compensation, (c) liquidated damages equal to the sum of unpaid minimum wage, unpaid spread of hours premium, unpaid overtime in the amount of one hundred percent under New York Wage Theft Prevention Act, (d) violation of Notice and record keeping requirements under New York Labor Law, (e) attorneys' fees under New York State and Federal Law, and (f) applicable interest and costs.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Violations of the Fair Labor Standards Act – Overtime Wages)

76. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs herein numbered 1 through 75, and hereby incorporates the same as part of this cause of action with the same force and effect as though fully set forth at length herein.

77. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours, unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

78. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

79. Defendants' failure to pay Plaintiffs their overtime pay violated the FLSA.

80. At all relevant times, Defendants had a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

81. The FLSA and supporting regulations require employers to notify employees of their employment law requirements. 29 C.F.R. § 516.4.

82. Defendants willfully failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

83. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Violations of New York Labor Law – Overtime Pay)

84. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs herein numbered 1 through 83, and hereby incorporates the same as part of this cause of action with the

same force and effect as though fully set forth at length herein.

85. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the underpayment under NY Wage Theft Prevention Act, and interest.

86. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate Plaintiffs were entitled to.

87. Defendants' failure to pay Plaintiffs was not in good faith.

88. Defendants failed to pay Plaintiffs overtime pay and therefore violated the NYLL.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Violations of Notice and Record Keeping Requirements under NYLL)

89. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs herein numbered 1 through 88, and hereby incorporates the same as part of this cause of action with the same force and effect as though fully set forth at length herein.

90. Defendants failed to supply Plaintiff notice as required by New York Labor Law Section 195, containing Plaintiffs' rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, hourly rate or rates of pay and overtime rate or rates of pay, the regular pay day designated by the employer in accordance with New York Labor Law Section 191, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business and a mailing address if different, the telephone number of the employer, plus such other information as the commissioner deems material and necessary.

91.   Due to Defendants' violation of N.Y. Labor Law Section 195, for each day that Defendants failed to provide a proper wage notice at the time of hiring from March 2021, through the present, Plaintiffs are entitled to damages of $50 per work day, or a total of $5,000 per year each, as provided for by New York Labor Law Section 198, and reasonable attorney's fees, costs and interest.

92.   Defendants also failed to provide weekly or bi-weekly wage statements to Plaintiffs, setting forth the rate of pay, hours worked and total regular and overtime compensation in violation of New York Labor Law Section 195.

93.   Due to this violation of New York Labor Law Section 195, for each work week that Defendants failed to provide wage statements to Plaintiff from March 2021 through the present, Plaintiffs are entitled to damages of $250 per work day, or a total of $5,000 per year each, as provided for by New York Labor Law Section 198, reasonable attorney's fees, costs and interest.

WHEREFORE, Plaintiffs demand judgment as follows:

1. An award of unpaid overtime wages due under the FLSA, plus interest and liquidated damages of 100%;

2. An award of unpaid overtime wages under the New York Labor Law, plus interest and liquidated damages of 100% thereafter under New York Wage Theft Prevention Act;

3. An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. § 216;

4. An award of liquidated and/or punitive damages a result of Defendants' willful failure to overtime compensation, and spread of hours premium pursuant to NYLL;

5. An award of statutory damages for Defendants' violation of NYLL Section 195.

6. An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

For such other and further relief as the Court deems just and proper, including the costs and disbursements of this action.

Dated: Melville, New York
September 29, 2022

SCHWARTZ ETTENGER, PLLC

By: *[signature]*
Jeffrey Ettenger, Esq.
*Attorney for Plaintiffs*
445 Broad Hollow Road, Suite 205
Melville, New York 11747
(631) 777-2401

To: Fine Design Masonry, Inc.
131 Brook Street
West Sayville, New York 11796

Robert Tamburello
131 Brook Street
West Sayville, New York 11796

L:\Paz Morales, Selvin\Complaint.docx