```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SELVIN PAZ MORALES, EDWARD AGUILAR
RIVERA, JOSE OTONUL AGUILAR, RUANDI
PAZ ARDON, ARMANDO TOMAS TIU GARCIA           REPORT AND
and BRAYAN ANTONIO LOPEZ,                     RECOMMENDATION
                                              22-cv-5817 (JMA)(SIL)
                        Plaintiffs,

        -against-

FINE DESIGN MASONRY, INC., and ROBERT
TAMBURELLO,

                        Defendants.
-----------------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this wage and hour litigation, on referral from the Honorable Joan M. Azrack for Report and Recommendation, is Plaintiffs Selvin Paz Morales's, Edward Aguilar Rivera's, Jose Otonul Aguilar's, Ruandi Paz Ardon's, Armando Tomas Tiu Garcia's and Brayan Antonio Lopez's ("Plaintiffs") motion for: (1) attorneys' fees, (2) sanctions pursuant to the Court's inherent power, and (3) an amendment of the judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 59 to award interest against Defendants Fine Design Masonry, Inc. and Robert Tamburello ("Defendants"), based on Defendants' failure to pay Plaintiffs pursuant to a Court-approved settlement agreement (the "Settlement Agreement"). *See* Letter Motion for Sanctions ("Plaintiffs' Initial Motion" or "Pl. Int. Mot."), Docket

Entry ("DE") [19]; Plaintiffs' Letter Motion ("Plaintiffs' Supplemental Motion" or "Pl. Supp. Mot.," collectively, "Plaintiffs' Motion"), DE [23].[1]

For the reasons set forth below, the Court respectfully recommends that Plaintiffs' Motion be denied with respect to attorneys' fees, with leave to renew upon submission of appropriate supporting documentation and denied with respect to sanctions. Further, the Court recommends that Plaintiffs' Motion to amend the judgment be granted, and that the judgment be amended to award Plaintiffs interest in the amount of $2,662.50, plus *per diem* interest of $7.50 until the amended judgment is entered and post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## I. BACKGROUND

By way of Complaint dated September 29, 2022, Plaintiffs commenced this action against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL") §§ 195, 650 for denial of overtime wages and failure to provide legally required wage notices and statements. *See* Complaint, DE [1]. After the deadline for Defendants to answer or respond to the Complaint elapsed, Plaintiffs requested the Clerk of Court issue certificates of default against them, which the Clerk of Court did on December 14, 2022. *See* DEs [7] – [8].

On February 6, 2023, the parties filed a letter requesting Court approval of the Settlement Agreement. *See* DE [9]. Judge Azrack denied the parties' application

---

[1] Although not styled as such in Plaintiffs' Supplemental Motion, the Court will consider Plaintiffs' request for pre-judgment interest as a motion to amend the judgment previously entered on August 10, 2023 pursuant to Fed. R. Civ. P. 59. *See* Pl. Supp. Mot. (requesting interest be awarded from July 2023).

2

without prejudice to re-submission of the agreement with a release of claims compliant with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* Order dated Mar. 2, 2023.  On April 18, 2023, the parties submitted a renewed motion for settlement approval, which Judge Azrack granted that same day.  DE [12].

Under the Settlement Agreement, Defendants agreed to pay Plaintiffs a total of $38,000 in five installments of $7,600 by check made payable to Plaintiffs' counsel. Settlement Agreement, DE [12-1], ¶ 1(a).[2] The first payment was to be made within ten days of the Court's order approving the Settlement Agreement, with each subsequent payment to be made every 30 days thereafter.  *Id.*  In the event Defendants defaulted on any settlement payment, Plaintiffs' counsel was to notify Defendants by mail, after which Defendants had ten days to cure the deficiency.  *Id.* If payment was still not made, Plaintiffs were entitled to "take all appropriate action to secure payment, including seeking interest and attorneys' fees."  *Id.*  The parties further agreed to consent to the jurisdiction of Judge Azrack and this Court for the resolution of all disputes arising out of the Settlement Agreement, which shall be governed by New York law.  *See id.* ¶ 8.

Following Defendants' failure to make the first payment, Plaintiffs filed a motion for default judgment on May 9, 2023.  DE [13].  Judge Azrack held a hearing

---

[2] Of the total $38,000 due under the Settlement Agreement, Plaintiffs' counsel, Schwartz Ettenger, PLLC, was to receive $12,000, Plaintiff Morales was to receive $6,000 and the remaining Plaintiffs were to receive $4,000 each.  Settlement Agreement, ¶ 1(a).

3

on Plaintiffs' motion and ordered Defendants to make an initial payment of $7,600 on June 5, 2023 and each subsequent payment 30 days thereafter. DE [16].

Defendants made the initial payment of $7,600 on June 5, 2023. Pl. Int. Mot., 2. Plaintiffs received a check for the second payment on July 6, 2023, but Defendants thereafter advised Plaintiffs' counsel that the check was going to bounce and that a new check would be provided within two days. *Id.* By July 17, 2023, Defendants had not delivered a replacement check. *Id.* That same day, Plaintiffs informed Judge Azrack of Defendants' failure to pay and requested entry of a default judgment, attorneys' fees, and sanctions. *See* DE [17]. On July 27, 2023, Judge Azrack directed that judgment be entered against Defendants in the amount of $30,400, the unpaid amount under the Settlement Agreement, and granted Plaintiffs leave to file a motion for sanctions, costs and/or attorneys' fees. Scheduling Order dated Jul. 27, 2023. Judgment was entered against Defendants on August 10, 2023. DE [20].

Plaintiffs' Initial Motion was filed on July 31, 2023, which Defendants opposed. *See* Pl. Mot.; Response in Opposition to Plaintiffs' Motion ("Opp."), DE [21]. On October 23, 2023, pursuant to Judge Azrack's order, Plaintiffs refiled their motion, attaching "an affidavit setting forth the respective categories and amounts of sanctions sought." Order dated Oc. 19, 2023; Pl. Supp. Mot. Judge Azrack referred

4

Plaintiffs' Motion to this Court for Report and Recommendation on April 16, 2024. Order Referring Motion dated Apr. 16, 2024.

## II. DISCUSSION

Plaintiffs seek $17,500 in attorneys' fees, $10,000 in monetary sanctions, and interest at a rate of 9% from the date of Defendants' default based on Defendants' delay and failure to pay under the Settlement Agreement. *See* Pl. Supp. Mot. Defendants oppose and counter that any award "should in theory consist only of [] attorney's fees and interest," and that Plaintiffs' request for attorneys' fees should be denied based on Plaintiffs' failure to submit billing records or otherwise delineate time spent on this action. Opp., 1-2.

For the reasons set forth below, the Court respectfully recommends that Plaintiffs' Motion be denied with respect to attorneys' fees, with leave to renew upon submission of appropriate supporting documentation and denied with respect to sanctions. Further, the Court recommends that Plaintiffs' Motion to amend the judgment be granted, and that the judgment be amended to award Plaintiffs interest in the amount of $2,662.50, plus *per diem* interest of $7.50 until the amended judgment is entered and post-judgment interest pursuant to 28 U.S.C. § 1961(a).

### A. <u>Attorneys' Fees</u>

Plaintiffs seek a total of $17,500 in attorneys' fees, including $7,500 incurred pursuing the Settlement Agreement and judgment, as well as $10,000 Plaintiffs estimate it will cost for collection counsel to pursue the judgment against the Defendants. *See* Affidavit of Jeffrey Ettenger in Support of Plaintiffs' Supplemental Motion ("Ettenger Aff."), DE [23-1], ¶ 2(b). In support of their application, Plaintiffs

5

do not submit contemporaneous time records or any other evidence justifying the amount sought.[3]  For the reasons set forth below, the Court recommends denying Plaintiffs' Motion with respect to the request for attorneys' fees with leave to renew upon submission of appropriate supporting documentation.

Pursuant to the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees.  *See* 29 U.S.C. § 216(b); NYLL §§ 198(1)-(2), 663(1); *see Apolinar v. Global Deli & Grocery, Inc.*, No. 12-cv-3446, 2013 WL 5408122, at *15 (E.D.N.Y. Sept. 25, 2013) ("Both the FLSA and New York state law provide for an award of reasonable attorneys' fees and costs.").  In an FLSA case, a plaintiff prevails "if he 'succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit.'" V*elasquez v. Digital Page, Inc.*, 124 F. Supp. 3d 201, 203 (E.D.N.Y. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)).  Hence, "[w]here plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." *Larrea v. FPC Coffees Realty Co.*, No. 15-cv-1515, 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017) (citation and internal quotation marks omitted).  Moreover, the Settlement Agreement authorizes Plaintiffs to seek attorneys' fees in the event of Defendants' default.  *See* Settlement Agreement, ¶ 1(a).

To determine reasonable attorneys' fees, the Supreme Court and the Second Circuit have held that the lodestar method—the product of a reasonable hourly rate

---

[3] In connection with Plaintiffs' motion for settlement approval, Plaintiffs submitted that Jeffery Ettenger "performed substantial work in this matter" and "has worked primarily on employment litigation, with a focus on wage and hour issues," including class action cases, since his career began in 1996. DE [12], 3.

6

and the reasonable number of hours required—creates a "presumptively reasonable fee." *Won v. Gel Factory, Corp.,* No. 20-cv-5269, 2022 WL 903121, at *8 (E.D.N.Y. Jan. 25, 2022), *report and recommendation adopted,* No. 20-CV-5269, 2022 WL 903065 (E.D.N.Y. Mar. 28, 2022) (quoting *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). This method "produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Won,* 2022 WL 903121, at *8 (quoting *Perdue v. Kenny A. Ex rel. Winn.*, 559 U.S. 542, 551, 130 S. Ct. 1662, 1672 (2010)).

"The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Maldonado v. Srour*, No. 13-CV-5856, 2016 WL 5864587, at *1 (E.D.N.Y. Oct. 6, 2016). "The moving party must support its application by providing contemporaneous time records that detail for each attorney, the date, the hours expended, and the nature of the work done." *Torcivia v. Suffolk Cty.*, 437 F. Supp. 3d 239, 250-51 (E.D.N.Y. 2020) (quoting *Riley v. City of New York*, No. 10-CV-2513, 2015 WL 9592518, at *2 (E.D.N.Y. Dec. 31, 2015) (internal quotation marks omitted)). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Feltzin v. Union Mall, LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (citation omitted).

Applying the above standards, the Court concludes that Plaintiffs have failed to meet their burden to establish that $7,500 is an appropriate award for counsel's

7

work to date. Plaintiffs have not submitted contemporaneous time records, and so the Court cannot evaluate whether the number of hours worked on this matter was reasonable. Nor have Plaintiffs provided any information about the hourly rates or experience of the attorneys involved, apart from the minimal information submitted in connection with Plaintiffs' prior motion for settlement approval. *See* DE [12], 3 (briefly summarizing the qualifications of Jeffery Ettenger). Moreover, Plaintiffs did not provide any evidentiary support for its request for $10,000 in attorneys' fees for the efforts of collection counsel to pursue the judgment, which the Court presumes are ongoing. Accordingly, the Court respectfully recommends that Plaintiffs' Motion for attorneys' fees be denied, with leave to renew upon the submission of appropriate supporting documentation.

### B. Sanctions

Plaintiffs further seek monetary sanctions of $10,000 based on Defendants' delay of this matter, violations of court orders and failure to pay the amounts owed under the Settlement Agreement. *See* Ettenger Aff., ¶ 2(c). In opposition, Defendants contend that they had every intention of complying with the Settlement Agreement but are no longer able to make the required payments. *See* Opp., 1. For the reasons set forth below, the Court respectfully recommends that Plaintiffs' Motion for sanctions be denied.

While Plaintiffs do not specify the basis on which they seek sanctions against Defendants, the Court will assume such sanctions are sought pursuant to the Court's inherent powers. The Court "has the inherent power to sanction for improper

8

conduct, which derives from 'the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Steimel v. Inc. Vill. of Rockville Ctr.*, 965 F. Supp. 366, 374 (E.D.N.Y. 1997) (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991)). Sanctions under the Court's inherent power "must be exercised with restraint and discretion," to be granted upon a showing of "bad faith, vexatious[], [or] wanton[] acts or actions otherwise undertaken for oppressive reasons." *International Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021) (internal quotations omitted). That being said, an attorney may be sanctioned for negligence or recklessness in the failure to discharge his responsibilities as an officer of the court. *Id.* at 368 n.5.

In any event, "[a] finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018). Courts in this Circuit awarding sanctions based on failure to make settlement payments have typically done so where parties fail to respond to requests for payment or fail to offer any explanation for the delay. *See e.g., Travelers Indem. Co. v. Excalibur Reinsurance Corp.,* No. 3:13-CV-293 AWT, 2014 WL 1094451, at *3 (D. Conn. Mar. 19, 2014) (awarding attorneys' fees as a sanction where corporation with $100 million in assets failed to explain why it was unable to comply with settlement agreement); *Palmer v. Cnty. of Nassau*, 977 F. Supp. 2d 161, 167 (E.D.N.Y.

9

2013) (awarding attorneys' fees where defense counsel failed to respond to plaintiff's requests for payment or motion for sanctions).

Here, Plaintiffs have failed to establish that Defendants acted in bad faith such that sanctions are appropriate. Although Defendants' failure to pay pursuant to the Settlement Agreement is undoubtedly frustrating to Plaintiffs, there is no evidence to suggest that Defendants actions were taken without color or for an improper purpose. Defendants contend that they "had every intention to settle the matter and make the settlement payments" at the time the Settlement Agreement was entered into, and Plaintiffs do not counter that assertion. Opp., 1. In fact, Defendants made the initial payment due under the Settlement Agreement and attempted to make a second payment. Apart from their failure to make payments, Defendants have otherwise complied with court orders and responded to Plaintiffs' correspondence and the present motion. *See Palmer,* 977 F. Supp. 2d at 167 (awarding sanctions where defendant failed to respond to plaintiff's motion). While Defendants' conduct has delayed Plaintiffs' receipt of the settlement funds, there is no evidence to suggest that Defendants purposefully entered into the Settlement Agreement without an intention to honor it. Plaintiffs' conclusory allegations to the contrary lack any evidentiary support and fall short of the highly specific factual showing required for the imposition of monetary sanctions. *See Huebner,* 897 F. 3d at 55. Accordingly, the Court recommends that Plaintiffs' Motion for sanctions be denied.

10

### C. <u>Interest</u>

Lastly, Plaintiffs seek to amend the judgment to include an award of "9% interest from July 2023 for the full amount of the settlement agreement and violation, totaling $30,400." Ettenger Aff., ¶ 2(a). Pursuant to Federal Rule of Civil Procedure 59(e) a district court may "alter or amend a judgment . . . to correct a clear error of law or prevent manifest injustice." *American Technical Cermaics Corp. v. Presidio Components, Inc.,* 490 F. Supp. 3d 593, 623 (E.D.N.Y. 2020) (internal quotation marks omitted).

As noted above, the Settlement Agreement authorizes the collection of interest in the event Defendants fail to make any payment. Settlement Agreement, ¶ 1(a). Moreover, Defendants concede that Plaintiffs are entitled to interest in the event Defendants fail to pay pursuant to the Settlement Agreement. *See* Opp., 1-2. Accordingly, the Court concludes that the judgment should be amended to include interest as authorized by the Settlement Agreement.

Although the Settlement Agreement does not specify the rate at which interest is to accrue, Plaintiffs propose a rate of 9%. *See* Ettenger Aff., ¶ 2(a). Defendants do not contest this suggested rate or offer an alternative. Moreover, this rate is consistent with that available on Plaintiffs' NYLL claims. *See Fermin v. Las Delicias Peruanas Restaurant, Inc.,* 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015) (awarding interest at a rate of 9% *per annum* on NYLL claims, consistent with N.Y. C.P.L.R. § 5004). Applying that rate to the $30,400 unpaid balance under the Settlement Agreement, interest accrues at a rate of $7.50 per day. Defendants failed to make the payment

11

due on July 6, 2023 and each payment thereafter. As of the date of this Report and Recommendation, 355 days have passed since Defendants' default. The Court therefore recommends that Plaintiffs be awarded $2,662.50 in interest on the unpaid settlement balance. The Court further recommends that Plaintiffs be awarded an additional $7.50 per day until the amended judgment is entered.

In addition, Plaintiffs are entitled to post-judgment interest under federal law pursuant to 28 U.S.C. § 1961. *See Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) ("[T]he statute's language applies to '*any* money judgment in a civil case recovered in a district court.'") (quoting 28 U.S.C. § 1961) (emphasis in original). Accordingly, the Court recommends awarding post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. 28 U.S.C. § 1961 (a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute). As such, the Court recommends that the judgment be amended to award Plaintiffs $2,662.50 in pre-judgment interest, as well as an additional $7.50 per day until the amended judgment is entered and post-judgment interest according to the statutory rate.

## III. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiffs' Motion be denied with respect to attorneys' fees, with leave to renew upon submission of appropriate supporting documentation and denied with respect to sanctions. Further, the Court recommends that Plaintiffs' Motion to amend the judgment be granted, and that the judgment be amended to award Plaintiffs interest in the amount of $2,662.50, plus *per diem* interest of $7.50 until the amended judgment is entered and post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## IV. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         June 25, 2024

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge