UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SELVIN PAZ MORALES, EDWARD AGUILAR
RIVERA, JOSE OTUNUL AGUILAR, RUANDI PAZ
ARDON, ARMANDO TOMAS TIU GARCIA, and
BRAYON ANTONIO LOPEZ,

         Plaintiffs,

-against-

FINE DESIGN MASONRY, INC., and ROBERT
TAMBURELLO,

         Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-CV-05817 (JMA) (SIL)

FILED
CLERK

12:13 pm, Aug 07, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Presently before the Court is Plaintiffs' motion, based on Defendants' failure to pay Plaintiffs consistent with the Settlement Agreement, for attorney's fees, sanctions, and to amend the August 10, 2023, judgment ("Judgment") to award interest. (See Pl. Int. Mot., ECF No. 19; Pl. Supp. Mot., ECF No. 23; see also J., ECF No. 20.) The Court presumes familiarity with the background of this case, which is set forth in Magistrate Judge Steven I Locke's June 25, 2024, Report and Recommendation ("R&R") on the instant motion.[1] (See ECF No. 24.) In the R&R, Judge Locke recommended that the Court grant in part and deny in part Plaintiffs' motion. (See ECF No. 24 at 2.) Defendants filed timely objections to the R&R. (ECF No. 25.) Plaintiffs did not object to the R&R or respond to Defendants objections. For the reasons explained below, the Court OVERRULES Defendants objections to the R&R and ADOPTS the R&R.

---

[1]   Capitalized terms not defined herein have the meaning assigned to them in the R&R.

## I. LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see FED. R. CIV. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Additionally, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)); see Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (explaining that such arguments "may not be deemed objections at all" (internal quotation marks omitted)).

In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Relatedly, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

## II. DISCUSSION

### A. Denying Attorney's Fees, Denying Sanctions, and Imposing Interest

In the R&R, Judge Locke recommended that the Court (1) deny Plaintiffs' request for attorney's fees without prejudice, (2) deny Plaintiffs' request for sanctions, and (3) modify the Judgment to require pre-judgment interest at nine percent per year and post-judgment interest under 28 U.S.C. § 1961(a). (See ECF No. 24 at 5-12.). The parties do not object to those recommendations.[2] (See generally ECF No. 25.) The Court thus reviews those recommendation for clear error, see, e.g., Pall Corp., 249 F.R.D. at 51, and finds none.

### B. Calculating Interest

The R&R calculated pre-judgment interest based on the unpaid Settlement Agreement balance of $30,400.00. (See ECF No. 24 at 11-12 (citing Ettenger Aff., ECF No. 23-1 ¶ 2(b).) Defendants did not contest the $30,400.00 value of the unpaid Settlement Agreement balance. (See Opp., ECF No. 21 at 1 (acknowledging that Defendants paid only $7,600.00); see also Settlement Agreement, ECF No. 12-1 ¶ 1(a) (providing $38,000.00 as the settlement amount).) Applying the nine percent annual interest rate, the R&R held that Defendants owed $7.50 per day in interest, and accordingly determined that $2,662.50 in pre-judgment interest accrued as of the R&R's date. (See ECF No. 24 at 11-12.)

Defendants object to that calculation because, on May 9, 2024, Plaintiffs "caused the levy of the corporate defendant's bank account to take place at Apple Bank resulting in a check for $12,241.43 being sent to [P]laintiff[s'] counsel" (the "Levy"). (ECF No. 25 ¶ 4.) The Levy therefore occurred over forty-five days before Judge Locke issued the R&R. Based on the bank

---

[2] As discussed below, Defendants object to the R&R's calculation of interest owed. Defendants, however, do not object to the imposition of pre-judgment and post-judgment interest at the rates Judge Locke recommended.

statements they submitted, Defendants were on notice of the Levy no later than May 31, 2024—twenty-five days before Judge Locke issued the R&R. (See ECF No. 25-1.) Yet, Defendants waited until July 8, 2024—sixty days after the Levy occurred, thirty-eight days after Defendants were necessarily on notice of it, and thirteen days after Judge Locke issued the R&R—to bring the Levy to the Court's attention. Defendants cannot now use the Levy to object to the R&R because they could have raised but did not raise it with the Court before Judge Locke issued the R&R. See, e.g., Fossil Grp., Inc., 627 F. Supp. 3d at 190; Gladden, 394 F. Supp. 3d at 480; Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 51-52 (E.D.N.Y. 2015). Defendants' argument "may not be deemed [an] objection[] at all." Piligian, 490 F. Supp. 3d at 716 (internal quotation marks omitted); see also Hous. Works, Inc. v. Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) ("[L]itigants cannot be permitted to use litigation before a magistrate judge as something akin to spring training exhibition game, holding back evidence for use once the regular season begins before the district judge.").

Defendants also object to the R&R's interest calculation because—after Judge Locke issued the R&R—(1) Defendants sent a $100 check to Plaintiffs' counsel to be applied to the unpaid Settlement Agreement balance, and (2) Plaintiffs' counsel reported a lesser unpaid Settlement Agreement balance of $22,816.52 when they executed on one of Defendants' other bank accounts. (ECF No. 25 ¶¶ 7-8; see ECF No. 25-2 (documenting the mailing of the $100.00 check); ECF No. 25-3 (documenting the execution on Defendants' bank account).) A district court "may . . . receive further evidence" in reviewing objections to a report and recommendation. 28 U.S.C. § 636(b)(1). However, "[c]ourts in this Circuit have often held that 'absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted.'" H2O v. Town Bd. of E. Hampton, 147 F. Supp. 3d 80, 112 (E.D.N.Y. 2015) (quoting VOX Amplification Ltd. v. Meussdorffer, 50 F. Supp. 3d

4

355, 368 (E.D.N.Y. 2014)) (brackets omitted). Even considering it, the new evidence does not merit adjusting the R&R's interest calculation. Defendants have neither asserted that the $100.00 check was cashed nor even confirmed that the check would clear if cashed.[3] (See ECF No. 25 ¶ 7; see also ECF No. 25-2 (providing a copy of the check and proof of mailing without a corresponding bank statement).) Moreover, even crediting that Plaintiffs reported a lesser unpaid Settlement Agreement balance to Defendants' bank, Defendants do not contend that the lower figure is correct. (See ECF No. 25 ¶ 8 (contending only that the reported $22,816.52 is "different than the $30,400 previously used by plaintiff in its application to the Court").)

### III.    CONCLUSION

The Court agrees with and adopts Judge Locke's analysis and recommendations set forth in the R&R. Defendants' objections to the R&R are OVERRULED. The Court ADOPTS the R&R.

As noted above, the issues Defendants identified were improperly raised in objections to the R&R. That stated, those matters—particularly the Levy—might, if properly before the Court, directly impact calculations in the soon-to-be-amended Judgment: the unpaid Settlement Agreement balance and interest thereon. It bears repeating that the Court lacks Plaintiffs' position on those matters because Plaintiffs did not respond to Defendants' R&R objections. "[D]istrict courts have the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S. 40, 47 (2016). Thus, to avoid potentially unnecessary future motion practice (such as for reconsideration or to further amend the Judgment), the parties shall meet and confer to confirm the unpaid Settlement Agreement balance

---

[3] This stands in contrast to the Levy, for which Defendants confirmed the amount transferred and submitted corresponding bank statements. (See ECF No. 25 ¶ 4; ECF No. 25-1.)

and pre-judgment interest thereon calculated at nine percent annually. The parties shall then file a joint letter by **August 21, 2024**, that provides their calculations of those amounts. If the parties agree on the relevant calculations—as they should—then they shall attach a proposed judgment to their joint letter.

**SO ORDERED.**

Dated:   August 7, 2024
        Central Islip, New York

(/s/ JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
